UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Monroe R. Parker, Jr., #70259,<br><br>       Plaintiff,<br><br>v.<br><br>Beaufort County Detention Center; Southern Health Partners; Phillip A. Foot; C.E. Allen; P. J. Tanner; Sgt. R. Edwards, Jr.; Magistrate O. G. Chase,<br><br>       Defendants. | ) C/A No. 4:07-00287-MBS-TER<br>)<br>)<br>) REPORT AND<br>) RECOMMENDATION<br>) FOR PARTIAL<br>) SUMMARY DISMISSAL<br>)<br>)<br>)<br>)<br>) |

   Plaintiff brings this action pursuant to 42 U.S.C. § 1983. Under established local procedure in this judicial district, a careful review has been made of this *pro se* complaint pursuant to the procedural provisions of 28 U.S.C. § 1915; 28 U.S.C. § 1915A; and the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321 (1996). This review has been conducted in light of the following precedents: *Denton v. Hernandez*, 504 U.S. 25 (1992); *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972); *Nasim v. Warden, Md. House of Corr.*, 64 F.3d 951 (4th Cir. 1995) (*en banc*), *cert. denied*, 516 U.S. 1177 (1996); and *Todd v. Baskerville*, 712 F.2d 70 (4th Cir. 1983). A federal district court is charged with liberally construing a complaint or petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. *See Hughes v. Rowe*, 449 U.S. 9 (1980); *Cruz v. Beto*, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Fine v. City of New York*, 529 F.2d 70, 74 (2d Cir. 1975).

   This Court is required to liberally construe *pro se* documents, *Estelle v. Gamble*, 429 U.S. 97 (1976), and hold them to a less stringent standard than those drafted by attorneys, *Gordon v. Leeke,* 574 F.2d 1147, 1151 (4th Cir.1978). Even under this less stringent standard, however, this

*pro se* complaint is subject to summary dismissal as to defendants Beaufort County Detention Center, Southern Health Partners and Magistrate O.G. Chase. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

Plaintiff is incarcerated at the Beaufort County Detention Center (BCDC) which is named as a defendant in this complaint. Defendant BCDC is apparently either a building or facility. Inanimate objects – such as buildings, facilities, and grounds – do not act under color of state law. Therefore, this defendant is not a "person" subject to suit under 42 U.S.C. § 1983. *See Allison v. California Adult Authority*, 419 F.2d 822, 823 (9th Cir. 1969) (California Adult Authority and San Quentin Prison not "person[s]" subject to suit under 42 U.S.C. § 1983); *Preval v. Reno*, 57 F. Supp. 2d 307, 310 (E.D.Va. 1999) ("[T]he Piedmont Regional Jail is not a 'person,' and therefore not amenable to suit under 42 U.S.C. § 1983."); *Brooks v. Pembroke City Jail*, 722 F. Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at 'persons' and the jail is not a person amenable to suit."). BCDC should be dismissed as a defendant in this case.

Plaintiff names Beaufort County Magistrate O.G. Chase, as a defendant. A judge has absolute judicial immunity with respect to his judicial acts in a plaintiff's criminal case. *See Mireles v. Waco*, 502 U.S. 9 (1991); *Stump v. Sparkman*, 435 U.S. 349, 351-364 (1978); *Pressly v. Gregory*, 831 F.2d 514, 517 (4th Cir. 1987) (a suit by South Carolina inmate against two Virginia magistrates); *Chu v. Griffith*, 771 F.2d 79, 81 (4th Cir. 1985) ("It has long been settled that a judge is absolutely immune from a claim for damages arising out of his judicial actions."). *See also Siegert v. Gilley*, 500 U.S. 226 (1991) (immunity presents a threshold question which should be resolved before

discovery is even allowed); *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985) (absolute immunity "is an immunity from suit rather than a mere defense to liability"). The Supreme Court of South Carolina, the Court of Appeals of South Carolina, Courts of General Sessions, Courts of Common Pleas, Family Courts, Probate Courts, magistrate's courts, and municipal courts are in a unified judicial system. *See* S.C. Const. art. V, § 1 ("The judicial power shall be vested in a unified judicial system, which shall include a Supreme Court, a Court of Appeals, a Circuit Court, and such other courts of uniform jurisdiction as may be provided for by general law."); *City of Pickens v. Schmitz*, 376 S.E.2d 271, 272 (1989); *Cort Indus. Corp. v. Swirl, Inc.*, 213 S.E.2d 445, 446 (1975).

County magistrates are judges in the State of South Carolina's unified judicial system. *Douglas v. McLeod*, 282 S.E. 2d 604, 605 (1981); *State ex rel McLeod v. Crowe*, 249 S.E. 2d 772 (1978). Plaintiff claims that Magistrate Chase signed a warrant against plaintiff without requiring probable cause. Magistrate Chase should be dismissed as a defendant in this action because as a judge of the State of South Carolina's unified judicial system, he is entitled to immunity from suit for damages arising from his judicial actions, such as signing a warrant.

## Recommendation

Accordingly, it is recommended that the District Court dismiss the complaint in the above-captioned case as to defendants Beaufort County Detention Center and Magistrate O.G. Chase *without prejudice* and without issuance and service of process for these defendants. Process shall issue for service of the remaining defendants. *See Denton v. Hernandez*, 504 U.S. at 25; *Neitzke v. Williams*, 490 U.S. at 319, 324-25; *Haines v. Kerner*, 404 U.S. at 519; *Brown v. Briscoe*, 998 F.2d 201, 202-04 & n.* (4th Cir. 1993); *Todd v. Baskerville*, 712 F.2d at 70; 28 U.S.C. §

1915(e)(2)(B); 28 U.S.C. § 1915A (as soon as possible after docketing, district courts should review prisoner cases to determine whether they are subject to summary dismissal).

                                                                 Respectfully Submitted,

                                                                  s/Thomas E. Rogers, III
                                                                  Thomas E. Rogers, III
April 9, 2007                                              United States Magistrate Judge
Florence, South Carolina

**Plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> Post Office Box 2317
> Florence, South Carolina 29503

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).